UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No. |
| Plaintiff, | '08 MJ 1045 |
| | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8, U.S.C., Section 1326 |
| Emilio GONZALEZ-Robles, | Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **April 3, 2008** within the Southern District of California, defendant, **Emilio GONZALEZ-Robles,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 4th DAY OF **APRIL 2008.**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Emilio GONZALEZ-Robles

## PROBABLE CAUSE STATEMENT

On April 3, 2008, at approximately 5:50 a.m., SIG Agent E. Penagos was parked on Lyons Valley Road in Jamul, California observing traffic, when he observed a dark green Grand Prix traveling east on Lyons Valley Road. Approximately ten minutes later, Agent Penagos observed the same Grand Prix traveling west on Lyons Valley Road and make a right hand turn onto Jamul Drive. Agent Penagos relayed his observations to the other SIG agents. Vehicles that go in and out of this area in such a short time are a common practice of load vehicles that have picked up illegal aliens. SIG Agents began surveillance. Agent Penagos performed record checks through San Diego Sector Dispatch. The Grand Prix was registered outside of the Jamul area. The Grand Prix went west onto State Route 94 and north on Interstate 5. SIG Agents requested a marked unit to make a vehicle stop.

Near the Interstate 5 and Interstate 805 connector, Agent E. Macias advised Dispatch that he would make a vehicle stop on Interstate 5 north near Carmel Mountain Road and SR 56 on the Grand Prix. Agent E. Macias, in a fully marked Department of Homeland Security vehicle and in full Border Patrol uniform, activated his vehicle's emergency lights and siren. Agent E. Macias then informed dispatch that he had a failure to yield and terminated pursuit due to the Grand Prix erratic driving. The Grand Prix sped up surpassing the posted speed limit of 65 miles per hour and began to weave in and out of heavy traffic with disregard to the safety of the motoring public. SIG Agents maintained surveillance of the Grand Prix as it exited Del Mar Heights Road.

SIG Agents were able to eventually apprehend the driver of the Grand Prix, later identified as the defendant **Emilio GONZALEZ-Robles**, when he came to a stop at a red light. SIG Agents B. Soto and Penagos approached the vehicle and identified themselves as United States Border Patrol Agents by displaying their bureau issued badges. Agents questioned the defendant as to his citizenship and nationality. The defendant stated that he was a citizen and national of Mexico with no proper documents to be or remain in the United States legally. The defendant was arrested and transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **November 18, 2004** through **Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.